THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:03-CR-32 |
| | : (JUDGE MARIANI) |
| STEVEN FAUSNAUGHT, | : |
| Defendant. | : |

### MEMORANDUM OPINION

#### I. INTRODUCTION

Presently before the Court is Defendant Steven Fausnaught's *pro se* "Motion to Terminate Supervised Release in Pursuant to U.S.C. 3583(E)(1)" (Doc. 821), wherein Defendant requests the early termination of his five-year term of supervised release. The parties have briefed the motion (Docs. 821, 823) and the motion is ripe for disposition. For the reasons that follow, Defendant Fausnaught's motion will be denied.

#### II. ANALYSIS

"[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2012)). Congress has thus provided the sentencing court with the authority to terminate a defendant's term of supervised release early. *See Burkey v. Marberry*, 556 F.3d 142, 146 n.3 (3d Cir. 2009) ("Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the authority to modify [a defendant's] term of supervised release"). Pursuant to 18 U.S.C. §

3583, "[t]he court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "'The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.'" *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

> The § 3553(a) factors cited in § 3583(e)(1) are as follows:
>
> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 53 (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir. 2018)). "[I]t is notable that the only traditional sentencing factor *not* relevant to a court's decision of whether to impose supervised release . . . is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense. . . . This omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (internal quotation marks, citations, and brackets omitted).

When weighing the relevant § 3553(a) factors and considering a defendant's motion for early termination of supervised release, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, "'*generally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (quoting *Davies*, 746 F.App'x at 89) (emphasis in *Melvin*).

In the present case, on July 30, 2007, following a six-day jury trial, Fausnaught was convicted of one count of conspiracy to distribute more than 500 grams of methamphetamine and more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846; four counts of distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); three counts of using a communication facility in causing or facilitating a drug conspiracy, in violation of 21 U.S.C. § 843(b); and one count of illegal possession of a firearm while being a user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). (Doc. 401). On December 29, 2008, Fausnaught was

sentenced to 292 months in prison, to be followed by a five-year term of supervised release. (Doc. 527). In 2015, Defendant's term of incarceration was reduced to 235 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 741).

As summarized by the Government in its brief in opposition to Defendant's motion, the Final Presentence Report contains the following information:

> The evidence in the case showed a continuous, ongoing drug association between Fausnaught, Charles Sechler, Timothy Moore, and other sub-distributors during an eight-year time period. (PSR ¶ 15). The conspiracy began with marijuana, and expanded to include methamphetamine. Initially, Fausnaught developed a marijuana source or sources and supplied marijuana on a regular basis to Sechler, Moore, and others. Subsequently, after a police raid on Fausnaught's residence resulted in the seizure of marijuana and firearms, Sechler developed an additional or alternate source for marijuana for the conspiracy. (PSR ¶13).
>
> Moore continued to get marijuana from Fausnaught and Sechler. Fausnaught and Sechler also traveled together overseas to Amsterdam to obtain higher-grade marijuana seeds for grow operations. Both Fausnaught and Sechler distributed this higher-grade marijuana to sub-distributors and customers, including Moore.
>
> In furtherance of the conspiracy, Sechler obtained methamphetamine from the California-based marijuana source or sources for the conspiracy. Sechler distributed approximately 50 pounds (about 25 kilograms) of methamphetamine to Moore, while Fausnaught distributed approximately 18 to 22 pounds (about 9 to 11 kilograms) of methamphetamine to co-conspirator John Rundle. Fausnaught supplied multi-kilograms of methamphetamine and large quantities of marijuana to co-conspirators. (PSR ¶¶ 21-22). He was just beneath Sechler in the hierarchy of the drug trafficking organization. (Sechler was sentenced to life imprisonment for his role in the conspiracy).
>
> . . . Fausnaught confronted a source of information that led to the 1995 search warrant, calling him a "snitch", remarking that "snitches get stitches," and threatening to have the source killed. In a recorded conversation with a co-defendant, Fausnaught told the co-defendant that he would use a baseball bat

> to "bust up" people who stole drugs from the co-defendant. In another recorded conversation, Fausnaught told the co-defendant that he wanted to know who stole the drugs so he could "bust them the fuck up . . ."

(Doc. 823, at 7-8). The Government further notes that:

> The drug conspiracy was littered with firearms. Police seized firearms along with marijuana and methamphetamine at Fausnaught's residence in December 1995 (PSR ¶ 13) and January 2003 (PSR ¶ 23). Agents seized 13 firearms (seven rifles, four revolvers, and two shotguns) along with marijuana and methamphetamine from co-defendant John Rundle's residence in October 2002. (PSR ¶ 20). Agents seized guns from co-defendant Timothy Moore's residence, and observed Sechler with firearms.

(*Id.* at 9). *See also, United States v. Fausnaught*, 380 F.App'x 198, 199-200 (3d Cir. 2010) (summarizing the multi-year drug conspiracy engaged in by Fausnaught and his co-conspirators).

On April 21, 2022, Fausnaught began his five-year term of supervised release. Exactly three years later, Fausnaught filed the present motion requesting early termination of his term of supervised release (Doc. 821). Upon consideration of the relevant statutory factors, it is evident that early termination is not "warranted by the conduct of [Fausnaught] . . . and the interest of justice", 18 U.S.C. § 3583(e)(1). Defendant's motion will thus be denied.

In support of his motion, Fausnaught asserts:

> Petitioner has already completed approximately over half of his supervisory term (60%). Throughout Petitioner['s] term of supervised release, Petitioner has been compliant with the terms and conditions of his supervision and has satisfied all special conditions imposed by the court. All financial penalties have been satisfied.

5

(Doc. 821, at 1). Attached to Fausnaught's motion is a letter from Alan Stackhouse, Vice Chairman of a church where Fausnaught has "donated time" stating that Fausnaught did a "thorough job" power washing the church in the summer of 2024 (Doc. 821, at 3) and a letter from Brian Brown stating that Fausnaught has worked at Brown Landscaping, LLC, since 2020 and is an "exemplary employee" (*id*. at 4).

Although the Court recognizes and commends Fausnaught for his continued compliance with the terms of his supervised release, mere compliance with these conditions does not entitle him to early termination of his five-year term of supervised release. *See e.g.*, *United States v. Laine*, 404 F.App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional") *abrogated by United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original).

Moreover, upon consideration of the nature and circumstances of the controlled substance and firearms offenses, it is not in the interests of justice to terminate Defendant's supervision early. Fausnaught engaged in a lengthy and substantial criminal conspiracy, which included the procurement and sale of large amounts of methamphetamine and marijuana and the possession of a number of firearms. Furthermore, Fausnaught made

several recorded threats, including stating to a source providing information that "snitches get stitches" and threatening to have the source killed, telling a co-defendant that he would use a baseball bat to "bust up" people who stole drugs from this co-defendant and, in a separate conversation with a co-defendant, threatening to "bust [a person who stole drugs] the fuck up". Fausnaught's criminal activities, possession of firearms, and repeated recorded threats, lead this Court to also conclude that continued supervised release is necessary to ensure adequate deterrence to criminal conduct and to ensure that the public is protected from further crimes of the defendant, including resumption of the sale of illegal substances and possible violent and threatening behavior. Defendant's compliance with the terms of his supervised release and abstention from further criminal conduct since his release from prison may in fact demonstrate the desired deterrent effect of the supervised release on Defendant to refrain from engaging in further unlawful behavior. *See e.g. United States v. Miles*, 2020 WL 4904019, *3 (W.D. Pa. 2020) ("Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.").

Finally, notably absent from Defendant's motion is any basis for termination of his supervised release aside from a general assertion that he is living by certain commonly accepted norms of society, *i.e.* working full-time, helping in his community, and not breaking the law. Nor does Defendant present any evidence that "new or unforeseen circumstances"

have arisen warranting the early termination of his supervised release[1] or that the supervised release is causing him any undue hardship. Even recognizing that Fausnaught has purportedly fully complied with the terms of his supervised release, this does not present circumstances which could in any way be deemed to be new or unforeseen. Rather, compliance with the terms of supervised release is precisely what is expected when imposing the term and conditions of release.

For these reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' briefs, the Court finds that the purposes to be served by the imposition of supervised release by the Court have not yet been satisfied at this time. Consideration of the relevant § 3553 factors weigh in favor of requiring Fausnaught to serve the remaining term of his supervised release. Defendant's motion will therefore be denied.

---

[1] This Court recognizes that the Third Circuit has "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown", *Melvin*, 978 F.3d at 53 (emphasis added), but it is nonetheless one of a number of factors that this Court should consider in determining the merits of Defendant's motion. *See e.g. id.* ("We think that [g]*enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.") (some internal citations and quotation marks omitted) (emphasis in original).

### III. CONCLUSION

For the foregoing reasons, Steven Fausnaught's "Motion to Terminate Supervised Release in Pursuant to U.S.C. 3583(E)(1)" (Doc. 821) will be denied. A separate order follows.

Robert D. Mariani
United States District Judge